## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

**BRYANT LEE and JUANITA GASTON,**  :
                                    :
       **Plaintiff,**                :
                                    :
        **v.**                     :    **NO. 22-cv-01233-MSG**
                                    :
**6209 MARKET STREET, LLC,** *et al.*, :
                                    :
       **Defendants.**              :
_____

## APPELLANTS' OPENING BRIEF

### I. STATEMENT OF THE CASE

On or about November 2, 1998, Plaintiff/Debtor, Bryant Lee, together with his common law wife, Juanita Gaston, purchased the properties at 6205-6207 Market Street, Philadelphia, PA 19139 (hereinafter "the Market Street Properties") from Elvera Staffieri, Executrix under the Will of Joseph J. Staffieri, Jr., Deceased. The property at 6205 Market Street is a vacant lot, and the property at 6207 Market Street (hereinafter "6207 Market") is a three story mixed use building, with a storefront on the first floor and residential space on the second and third floors.

Plaintiff/Debtor operated a food and entertainment business at 6207 Market, and rented out apartments upstairs from 2000 until 2003. On April 5, 2003, tragedy struck, and Plaintiff's son, Bryant Lee, Jr., was murdered at 6207 Market. Plaintiffs closed the business, and after the leases ran out, stopped renting the upstairs apartments. Both the store and apartments at 6207 Market sat vacant for more than a decade.

Plaintiff/Debtor, Bryant Lee, filed a prior voluntary petition under Chapter 13 of the

Bankruptcy Code on June 11, 2007 (hereinafter "the 2007 Case").  At the time of filing the 2007

Case, the Debtor listed the Market Street Properties on Schedule A.  The Plaintiff/Debtor also

exempted the Market Street Properties on his Schedule C and Amended Schedule C.  The

Plaintiff/Debtor's Sixth Amended Chapter 13 Plan in the 2007 Case was confirmed by the Court

on April 28, 2009 (Confirmation Order entered on May 1, 2009).  The Sixth Amended Chapter

13 Plan placed the claims related to the Market Street Properties into two of the six classes

established under the Plan:  Class Four, including "the secured claim of Vera Staffieri on the

Market St. properties"; and Class Five, including "the secured nuisance and tax claims of the

City of Philadelphia against the Market St. properties".  The confirmed Plan, as well as the

subsequent amended Plan, also provided that:  "Title of the property of the estate shall revest in

the Debtor[] upon his discharge, and in the mean time he will be entitled to use and possession of

same, subject to the specific provisions of this plan relevant to use of property of the estate."

Unbeknownst to Plaintiffs, at some point during the years while 6207 Market sat vacant,

one or more of the Defendants hatched a plan to steal the property, part of a growing problem

faced by owners or heirs of properties throughout the City of Philadelphia.[1]  It is now clear from

the proceedings that at least three of the Defendants participated in the scheme, Neekoo Gumby,

a/k/a Neeko Gumby, Pamela Y. Wood, and Bey Brown Wood Paralegal Community Services, in

that, after service the three Defendants did not respond to the Complaint or Amended Complaint,

and the Court entered defaults against them, thereby constituting a finding of liability as to the

---

1   *See* "Stolen Homes: A Philadelphia Housing Scam on the Rise Prompts Crackdown",
    https://www.nbcphiladelphia.com/news/local/stolen-homes-forged-deeds-william-johnson-philadelphia/1663
    (February 7, 2019); "After a mass theft of Philly houses, foreign nationals flee the country, DA says",
    https://www.inquirer.com/news/housing-theft-philadelphia-deeds-fraud-20190501.html (May 1, 2019); "A real
    estate fortune built on a foundation of forged deeds and tangled titles", https://www.inquirer.com/news/house-
    theft-philadelphia-deeds-forgery-20190529.html, all of which were cited in memoranda filed in the
    Bankruptcy Court proceeding.

three Defendants (*see* Docket Nos. 79, 80 and 87).  As alleged in paragraph 39 of the Amended

Complaint, Plaintiffs believe and therefore averred in the Amended Complaint that Defendants,

Dan A.M. Achek and Adnan Achek, formed 6209 Market Street, LLC as part of a scheme

developed in collaboration with Defendant, Neekoo Gumby, a/k/a Neeko Gumby, or the person

posing as Neekoo Gumby, a/k/a Neeko Gumby.  Even though the acquisition of the Market

Street Properties would be years away from when the scheme was launched, the Complaint

alleges that the purpose of the collaboration between the moving Defendants and Defendant

Gumby was to fraudulently transfer the Market Street Properties to a third party entity they

created to disguise any connection to the fraudulent transfer of the Market Street Properties.

Plaintiffs alleged that they thereby attempted to insulate the ownership of the Market Street

Properties they intended to acquire in a Sheriff's tax sale from recovery by Plaintiffs or their

heirs by purchasing the Market Street Properties in the name of a new legal entity – Defendant,

6209 Market Street, LLC – created for the express purpose of bidding at Sheriff's Sale, and

making it appear as though the Market Street Properties were acquired by Defendant, 6209

Market Street, LLC in the ordinary course at a regularly scheduled Sheriff's tax sale.

Plaintiffs/Appellants were prevented from pursuing discovery against Defendant, 6209 Market

Street, LLC with respect to that issue, despite a notice of deficiency in 6209 Market Street,

LLC's discovery responses and failure to cooperate with a Plaintiffs/Appellants' attempt to

depose a corporate representative of 6209 Market Street, LLC (see statements of parties and

Order entered at Docket Nos. 118, 119 and 121), one of the issues cited as a ground for appeal in

this case.  Regardless of whether or not Defendant, 6209 Market Street, LLC, participated in the

scheme, Plaintiffs/Appellants contended that the admitted forgery of the deed by the three

defaulted Defendants was sufficient to void any subsequent transfer of title to the

Only days after confirmation hearing on the Plaintiff/Debtor's Chapter 13 Plan, the first step in the scheme to steal the Plaintiffs' Market Street Properties was implemented. On May 1, 2009, the Plaintiffs' signatures were forged and fraudulently notarized on a deed that purported to transfer title of the Market Street Properties from Plaintiffs to Defendant, Neekoo Gumby. The Philadelphia Real Estate Transfer Tax Certification filed with the Philadelphia Department of Records falsely indicated that the transaction was exempt from transfer tax because "This transaction is tax exempt as it is a donation to our grandson from his grandparents." (*See* Exhibit "B" to the Complaint). The signature of Plaintiff/Debtor is clearly not his signature as evidenced, inter alia, by the fact that it is not even close to the same signature as on his Petition in either this case or the 2007 case. Ms. Gaston's signature is also forged.

The Plaintiff/Debtor, Bryant Lee, filed the Chapter 13 case on May 9, 2018, to address tax claims and other debts, to reorganize his financial affairs, to recover title to the Market Street Properties, and to obtain a fresh start. The Plaintiff/Debtor filed his original Chapter 13 Plan on June 6, 2018, providing for a cure of pre-petition arrears on real estate taxes due on his home located at 85 Bartram Avenue, Lansdowne, PA 19050.

The Plaintiffs notified the moving Defendants of their intention to recover the Market Street Properties by letter dated September 19, 2018. On October 17, 2018, counsel for the moving Defendants wrote back refusing to cooperate with restoring title to the Market Street Properties to Plaintiffs.

The Debtor filed a Second Amended Chapter 13 Plan that was confirmed by the Court on November 26, 2019. The Second Amended Chapter 13 Plan is a tiered Plan that increases the Debtor's monthly payments to the Trustee from $300.00 monthly to $642.00 monthly beginning in September, 2020. As indicated on line 13 of the Debtor's Supplemental Schedule I filed on

October 8, 2019, prior to confirmation, the second tier is to be funded in part because "Debtor expects to recover title to building and lot at 6205-07 Market Street, Philadelphia, PA 19139, and to receive rental income by mid-2020." Not only does the current confirmed Plan already count on income from the Market Street Properties to fund the second tier of the Plan that begins in October, 2020, but the Debtor intends to file a motion to modify his Plan after confirmation to provide for any real estate taxes that the Court may determine Plaintiffs owe when title to the Market Street Properties is restored to them, and if the income is sufficient will further provide for the unfiled secured claim of Vera Stafferi, to the extent necessary to clear title.

Other than the following brief summary of certain facts alleged in the Amended Complaint filed in this case, Plaintiffs adopt and incorporate herein by reference the remaining background prior to the filing of this Adversary Proceeding provided in their Memorandum of Law in Opposition to the original Motions to Dismiss, and the facts alleged in their Amended Complaint, and the facts and procedural history in the Plaintiffs' Limited Response to Motion for Summary Judgment filed on July 8, 2021.

As alleged in the Amended Complaint, "[o]n or about May 1, 2009, without the knowledge of Plaintiffs, Defendant, Neekoo Gumby, a/k/a Neeko Gumby, along with known and/or unknown co-conspirators, caused a forged fraudulent deed to be executed in the name of the Plaintiffs to Neekoo Gumby, a/k/a Neeko Gumby." Apparently, Defendant Gumby and those acting in concert with him failed to pay certain real estate taxes owed on the Market Street Properties. As a result, the City of Philadelphia, acting through contractor, Defendant, GRB Law, a/k/a Goehring Rutter & Boehm (hereinafter "GRB"), arranged with Defendant, Sheriff Jewell Williams, to conduct a Sheriff's Sale of 6207 Market that Plaintiffs believe was held on or about April 21, 2015, and a Sheriff's Sale of 6205 Market that Plaintiffs believe was held on or

about May 18, 2017 (hereinafter collectively referred to as "the Tax Sales").  The Plaintiffs realized that someone was occupying the Market Street Properties in the Spring of 2018, when their daughter saw activity there and reported it to them.

The Debtor filed Adversary Proceeding No. 20-00110-elf (the "Adv. Proc."), the case from which this appeal arose, on March 12, 2020, including five counts.  Following two key decisions by the Court on jurisdictional issues and motions to dismiss filed by some of the Defendants, the Court granted leave to the Plaintiffs to file an Amended Complaint.

The first decision, issued by Order and Bench Opinion on June 8, 2020, essentially held that the Bankruptcy Court had jurisdiction to adjudicate the Adv. Proc. (copy of transcript attached hereto, marked as Exhibit "A", since it is not clear whether the Bankruptcy Court has yet transmitted the transcript, although it was designated by Appellants (Docket No. 30; transcript filed at Docket No. 153).  In reaching the conclusion that the Court had jurisdiction, the Court also found that "the plaintiffs were not parties to that proceeding because they were out of record title and they were not served."  (Transcript of 6/8/20 Bench Opinion, at page 13, lines 13-15 – Exhibit "A").  The Court also held that the Pennsylvania "Tax Injunction Act, 28 U.S.C. Section 1341 [is not implicated because] … [t]he relief the plaintiffs seek as to restoration of title can be provided if warranted without affecting the State Court orders of the tax sales." (Transcript of 6/8/20 Bench Opinion, at page 14, line 17, through page 15, line 21 – Exhibit "A").

In the second decision, issued by Order and Bench Opinion on July 24, 2020, the Court determined three matters, whether to abstain as requested by Defendant, Goehring, Rutter & Boehm, and two Motions to Dismiss, one filed by Defendants, 6209 Market Street, LLC, Dan A.M. Achek, and  Adnan Achek, and the other filed by Defendant, Goehring, Rutter & Boehm.

The Bankruptcy Court decided not to abstain, denied the Motion to Dismiss of Defendant, 6209 Market Street, LLC as to Count I, granted the Motion to Dismiss of Defendant, 6209 Market Street, LLC as to Counts II through V, and granted the Motion to Dismiss of Defendant, Goehring, Rutter & Boehm, but also granted the Plaintiffs leave to amend the Complaint.  In so deciding the Motions to Dismiss, the Court indicated that the ultimate decision on whether the Plaintiffs were entitled to recover title to the Market Street Properties would turn on "how to apply and the limits of the Pennsylvania Supreme Court's decision in 1968 in *Harris v. Harris*, 428 [Pa.] 473."  (Transcript of 7/24/20 Bench Opinion, at page 11, lines 10-12 – Exhibit "B").  In denying Defendant's, 6209 Market Street, LLC's, Motion to Dismiss with respect to Count I of the Complaint, the Court held that "particularly in light of the forged deed  allegation and the Pennsylvania Supreme Court decision in *Harris v. Harris*, I am easily satisfied that the plaintiffs have pled enough factual detail to make out a plausible claim for relief."  (Transcript of 7/24/20 Bench Opinion, at page 15, lines 20-24 – Exhibit "B").

Plaintiffs filed the Amended Complaint on August 17, 2020, including two counts.  In Count I, Plaintiffs sought restoration of title to the Market Street Properties and damages for the deprivation of title and possession, loss of use of and income from the Market Street Properties during the period during which the Properties were nominally titled to Defendants, Neekoo Gumby and 6209 Market Street, LLC (hereinafter "Defendant 6209"), on the ground that the transfer of the deed by forgery was void, and any subsequent transfer of title was similarly void.  In Count II, Plaintiffs sought similar relief on the ground that any transfer of title to the Market Street Properties while he was a Debtor in Case No. 07-13390-bif was void pursuant to 11 U.S.C. §362(a)(3).  Again, some of the Defendants filed motions to dismiss the case.  On October 16, 2020, the Court dismissed all Counts against the Defendants tied to the City of

Philadelphia and the Acheks as individuals, but dismissed only Count II as to Defendant 6209. Shortly thereafter, as indicated above, defaults were entered against Defendants, Pamela Y. Wood, Bey Brown Wood Paralegal Community Services, and Neekoo Gumby (*see* Docket Nos. 79, 80 and 87). Defendant 6209 Market Street, LLC filed an Answer to Count I of the Amended Complaint on November 13, 2020.

Thereafter, the Court issued Pretrial Scheduling Orders that addressed discovery and other matters leading up to a pretrial conference at which, *inter alia*, a trial date was to be scheduled. In accordance with Pretrial Order #2, Defendant 6209 filed a Motion for Summary Judgment on June 17, 2021. The Court entered Pretrial Order #3 suspending some aspects of Pretrial Order #2 pending a decision on Defendant 6209's Motion for Summary Judgment. The Plaintiffs filed a Limited Response to Motion for Summary Judgment filed on July 8, 2021, in which they opposed Defendant 6209's Motion for Summary Judgment, but also suggested taking other action with respect to Defendant 6209's failure to fully respond to discovery requests and requested the opportunity to supplement their Limited Response to Motion for Summary Judgment once Defendant 6209 supplemented its discovery responses and Plaintiffs had an opportunity to take a deposition of both Defendant 6209 and its principal, Daniel Achek, that had been timely noticed in accordance with Pretrial Order #2. In an Order dated August 11, 2021, the Court did not permit Plaintiffs to seek to compel discovery and indicated that the discovery would be deemed closed, but allowed the Plaintiffs to supplement their Limited Response to Motion for Summary Judgment. Plaintiffs/Appellants filed their Supplemental Response and Memorandum of Law in Opposition to the Motion for Summary Judgment filed by Defendant, 6209 Market Street, LLC, on September 1, 2021. In an Order and Memorandum entered on March 15, 2022, the Bankruptcy Court granted the Motion for Summary Judgment filed by

Defendant, 6209 Market Street, LLC

## II. <u>STATEMENT OF ISSUES ON APPEAL</u>

1.    Whether the Bankruptcy Court erred in failing to apply controlling Pennsylvania law for more than 50 years as set forth in Pennsylvania Supreme Court case, *Harris v. Harris*, 428 Pa. 473 (1968), to void the Sheriff's Tax Sales of the Plaintiffs' real properties located at 6205 and 6207 Market Street, Philadelphia, PA 19139, and instead to distinguish whether tax sales following illegal transfer of real property via a forged deed should be deemed void because the transfer of title to a property by a forged deed is void, from the same circumstances with respect to mortgage foreclosure sales in which the Pennsylvania Supreme Court has made clear that such foreclosure sales are void.

2.    Whether the Bankruptcy Court erred by ignoring the doctrine of law of the case under which the Court indicated at an early stage of the case that the decision in the case would turn on the application of controlling Pennsylvania law for more than 50 years as set forth in Pennsylvania Supreme Court case, *Harris v. Harris*, 428 Pa. 473 (1968), and upon which Plaintiffs relied throughout their litigation of the case.

3.    Whether the Bankruptcy Court erred in failing to allow the case to proceed to trial, so that Plaintiffs had the opportunity to prove that the 2009 deed under which title to their real properties located at 6205 and 6207 Market Street, Philadelphia, PA 19139 was forged, therefore void, and that any tax or foreclosure sale thereafter based on the void forged deed was also void under controlling Pennsylvania law for more than 50 years as set forth in Pennsylvania Supreme Court case, *Harris v. Harris*, 428 Pa. 473 (1968).

4.     Whether the Bankruptcy Court erred by dismissing the Plaintiffs' claims against Defendants, the City of Philadelphia Defendants, including the Department of Records and Jewell Williams, Sheriff of Philadelphia County at the time that the Sheriff's Tax Sales of the Plaintiffs' real properties located at 6205 and 6207 Market Street, Philadelphia, PA  19139 took place.

5.     Whether the Bankruptcy Court abused its discretion in denying Plaintiffs the opportunity to file responses with respect to discovery issues in the instances reflected in the Designation of Items to Be Included in the Record on Appeal set forth above.

6.     Whether the Bankruptcy Court abused its discretion in denying Plaintiffs the right to seek an order compelling discovery for Defendant's, 6209 Market Street, LLC's gross failure to adequately respond to Plaintiffs' discovery requests, especially when such discovery may have produced evidence showing that Defendants, or some of them, had notice or constructive notice that the Plaintiffs' real properties located at 6205 and 6207 Market Street, Philadelphia, PA 19139 were illegally transferred via a forged deed.

7.     Whether the Court's decision granting summary judgment in favor of Defendant, 6209 Market Street, LLC, in ignoring the fact that Plaintiffs were not served or received any actual or constructive notice of the Tax Sales of real properties located at 6205 and 6207 Market Street, Philadelphia, PA  19139, thereby not allowing the case to go to trial on the factual issues regarding what notice or lack thereof was provided to Plaintiffs, denied the Plaintiffs due process in being deprived of title to their properties and therefore constituted reversible error.

III. **SUMMARY OF ARGUMENT**

The most significant basis for the instant appeal is that the Bankruptcy Court attempted to

distinguish whether a forged deed can be the basis to pass title to a tax sale purchaser when it is clear that the Pennsylvania Supreme Court's undisturbed decision for more than 50 years in *Harris v. Harris*, 428 Pa. 473 (1968) clearly holds that a forged deed does not convey any title whatsoever to a subsequent purchaser, regardless of whether that subsequent purchaser is a bona fide purchaser for value without notice.  Not one case cited by Defendant 6209 holds that a Sheriff's deed to a subsequent tax sale purchaser of a property that had been fraudulently transferred by a forged deed prior to the tax sale acted to supersede the Pennsylvania Supreme Court's holding in *Harris v. Harris* that a forged deed is void and transfers no interest in the property.  In fact, to the contrary, all decisions on this issue, whether cited by the Bankruptcy Court and/or Defendant 6209 Market Street, LLC or not, hold that there is no interest of the holder of a forged deed to a property, whether by tax sale or any other conveyance.  The Bankruptcy Court ruled, without relevant state court authority, and Defendant 6209 Market Street, LLC has made the same argument, that somehow this case is different because of the fact that 6209 Market Street, LLC purchased the Market Street Properties at tax sale, but not only does Harris v. Harris hold to the contrary, but the Bankruptcy Court rejected the same argument and indicated that the decision would turn on the application of Harris v. Harris to the facts of this case throughout the case before the March 15, 2022 decision that is the subject of this appeal.  Those decisions are the law of the case.  Defendant 6209 cannot prevail on the central issue in the case, i.e., whether it holds legal title to the Market Street Properties.  It is not the province of the Bankruptcy Court to distinguish a controlling Pennsylvania Supreme Court decision, unless the Pennsylvania Supreme Court were to itself reverse or distinguish *Harris v. Harris*.

There are other issues in the case, but at least with respect to Defendant 6209 Market

Street, LLC, the Court should deem them abandoned.  Whether or not the Plaintiffs are permitted

further discovery on whether or not, and if so to what extent, Defendant 6209 Market Street, LLC

invested in the Market Street Properties, Defendant 6209 Market Street, LLC's failure to provide

a single receipt, payroll record or contract demonstrating any such expenses, or any records of

income and profits during the approximately three years Defendant has operated the Market

Street Properties after refusing to restore legal title of record to the Plaintiffs, despite demand in

September, 2018, should preclude Defendant 6209 from pursuing any such claim at trial, should

the case be reversed and remanded.  Therefore, although Defendant 6209 may have arguably

entitled to *quantum meruit* recovery for its expenses incurred prior to the September, 2018

demand by Plaintiffs, assuming they were higher than the profits earned during the last three

years, Defendant 6209 should be deemed to have forfeited any such claim by not producing any

responses or documents that addressed its costs in response to discovery requests.

The arguments made by the Moving Defendant in the Motion for Summary Judgment

with respect to the remaining two counts in the Amended Complaint are virtually identical to the

arguments the Moving Defendants made in the original Motion to Dismiss.  The Moving

Defendants again contend that this Adversary Proceeding is an attempt by the Plaintiffs to file an

untimely petition to set aside the Sheriff's Tax Sales of their Market Street Properties that they

would not be permitted to do under Pennsylvania state law in a state court.  However, as

indicated in the Plaintiffs' opposition to the original Motion to Dismiss, and per the July 24,

2020 Bench Opinion (Exhibit "B"), the real question is whether a void transfer of title could

serve as the basis for 6209 Market Street, LLC to acquire title via the Tax Sales conducted by

GRB at the behest of the City of Philadelphia to satisfy the City's security interest in the Market

Street Properties.

A forged deed is void under Pennsylvania law.  If, as the Plaintiffs seek to prove in this Adversary Proceeding, the deed to Neekoo Gumby was forged and the transaction under which record title was purported transferred to Defendant, Neekoo Gumby, was therefore void, then any subsequent transfer of title to the Market Street Properties was likewise void.[2]

Despite the Court's having indicated in the July 24, 2020 Bench Opinion that the determination of Count I of the Complaint will turn on the application and limits of Pennsylvania law regarding forged deeds, in particular, *Harris v. Harris*, 428 Pa. 473 (1968), the Court ultimately reversed itself and decided not to restore title to the Plaintiffs/Appellants because the Tax Sales deprived them of title, and the Plaintiffs did not seek to have the Tax Sales set aside in a timely manner.  This argument was made and rejected in the both of the Court's June 8, 2020 and July 24, 2020 Orders and Bench Opinions and should be rejected again now.

In sum, for purposes of ruling on summary judgment, the Court had to assume that the deed to Defendant, Neekoo Gumby, was forged.  Then, in accordance with prevailing Pennsylvania law, the post-petition transfer to Neekoo Gumby was void, and any subsequent transfers of any ostensible interest of Neekoo Gumby to any third party, whether by Sheriff's Tax Sale to foreclose on a City of Philadelphia security interest in the Plaintiffs' Market Street Properties, was similarly void.  The Sheriff's Tax Sale, in effect, was a further transfer of Neekoo

---

2    Plaintiffs also take the position that because the forged deed from Plaintiffs to Neekoo Gumby was not notarized in accordance with the law, that it is deemed fraudulent and void, and cannot serve as the basis for any further conveyance of title to the Market Street Properties under Pennsylvania statute.  Title 21 P.S. §444 provides, *inter alia*, that any deed or conveyance that is not notarized or otherwise acknowledged in accordance with the law is deemed fraudulent and void with respect not only to the person who acquired the title or interest, but also as to any subsequent purchaser or mortgagee for consideration.  *See also, In re Fisher*, 320 B.R. 52 (E.D. Pa. 2005).  As with other issues that could have been germane to the Court's deciding a Rule 12(b)(6) motion, it is not necessary to address the issue because of the way in which the Moving Defendants framed the issues in the actual Motion to Dismiss and Memorandum they filed.

Gumby's void interest in the Plaintiffs' Market Street Properties, and is similarly void.[3]

## IV. ARGUMENT

### A. The Standard for Granting Summary Judgment Under Bankruptcy Rule 7056 and Fed. R. Civ. P. 56.

Pursuant to Fed.R. Bankr.P. 7056, incorporating Fed.R.Civ.P. 56 (except as to timing of filing), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

> Summary judgment is appropriate only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "genuine" if "a reasonable jury could return a verdict for the nonmoving party," *Santini v. Fuentes*, 795 F.3d 410, 416 (3d Cir. 2015) (*quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)), and a fact is "material" where "its existence or nonexistence might impact the outcome of the suit under the applicable substantive law," *id.* (*citing Anderson*, 477 U.S. at 248, 106 S.Ct. 2505). At the summary judgment stage, our role is "not ... to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial, *Anderson*, 477 U.S. at 249, 106 S.Ct. 2505, and like the District Court, we must review the facts in the light most favorable to the nonmoving party, *see Hugh v. Butler Cty. Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005).

*Baloga v. Pittston Area School Dist.*, 927 F. 3d 742, 751-52 (3rd Cir. 2019).

> To survive a motion for summary judgment, the non-moving party cannot solely rest upon her allegations in the pleadings, but rather must set forth specific facts such that a reasonable jury could find in the non-moving party's favor, thereby establishing a genuine issue of fact for trial. Fed.R.Civ.P. 56(e). While the evidence that the non-moving party presents may be either direct or circumstantial, and need not be as great as a preponderance, the evidence must be more than a scintilla. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

---

3    The Plaintiffs have asserted other grounds as well to support the relief they seek, primarily restoring their title to the Market Street Properties. Although the Plaintiffs are not waiving those claims and seek to conduct discovery to determine whether those claims can be fairly supported, Plaintiffs recognize that the July Bench Opinion effectively limits the Plaintiffs to just one theory of relief against the Moving Defendants – namely that based upon the doctrine set forth in *Harris v. Harris*, 428 Pa. 473 (1968).

*Hugh v. Butler Cty. Family YMCA, supra*, 418 F.3d at 267.

> Pursuant to Fed.R.Civ.P. 56(c)  Procedures:
>
> (1) Supporting Factual Positions.  A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
>   (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
>   (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Frequently, motions for summary judgment are supported by affidavits or declarations, depositions or portions thereof, and/or other information and documents obtained in discovery.

"Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *Robeson Indus. Corp. v. Hartford Accident & Indem. Co.*, 178 F.3d 160, 164 (3d Cir. 1999) (citing Rule 56(c)). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Chusid v. First Union Nat'l Bank*, No. Civ. A. 97-4134, 1998 WL 42292 at *3 (E.D. Pa. Jan. 21, 1998) (citations omitted).

"Before a motion for summary judgment can be granted, the court must find that the motion alleges facts that are both undisputed and if proven at trial would require a directed verdict in favor of the movant." *In re Lowenstein*, 459 B.R. 227, 231 (Bankr. E.D. Pa. 2011) (citations omitted). "A genuine issue of material fact is one in which sufficient evidence exists that would permit a reasonable fact finder to return a verdict for the non-moving party." *Finkel v. Polichuk*, 2014 Bankr. LEXIS 763, 22 (Bankr. E.D. Pa. Feb. 27, 2014) (citations omitted). "In evaluating the record, the court must view the underlying facts and make all reasonable

inferences therefrom in the light most favorable to the party opposing the motion." *Id*. (citations omitted). "On the other hand, if it appears that the evidence is so one-sided that one party must prevail as a matter of law, the court should enter judgment in that party's favor." *Id*. at *22.

When a motion for summary judgment is made and supported, the burden shifts to the non-moving party to point to specific facts indicating there is a genuine issue for trial. *Jersey Cent. Power & Light Co. v. Lacey Twp.*, 772 F.2d 1103, 1109 (3d Cir. 1985). Thus, Rule 56 does not allow a party opposing summary judgment to rely solely upon bare assertions, conclusory allegations, or mere suspicions. *Fireman's Ins. Co. v. DuFresne*, 676 F.2d 965, 969 (3d Cir. 1982). Rather, if the party opposing the motion for summary judgment has the burden of proof at trial, that party must produce facts "sufficient to establish the existence of an element essential to the party's case." *Berckeley Inv. Group, Ltd. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006) (citation omitted). Furthermore, that evidence "must [be] … admissible evidence that would be sufficient to show all elements of a prima facie case under applicable substantive law." *Clark v. Modern Group Ltd*., 9 F.3d 321, 326 (3d Cir. 1993).

## B. <u>The Bankruptcy Court Substituted a New Legal Analysis for the Pennsylvania Supreme Court's Doctrine on Whether or Not Forged Deeds Can Pass Title in a Foreclosure Sale.</u>

In the July 24, 2020 Bench Opinion, the Bankruptcy Court likened Count I of the original Complaint to an action to quiet title under Pennsylvania law (Exhibit B, page 15, lines 4-12). The Court identified the pleading requirements for a quiet title action under Pennsylvania law found in Pa.R.Civ.P. 1061(b)(3) and 1065(a), and concluded that the Plaintiffs' initial burden to plead sufficient facts to survive a motion to dismiss were easily met (Exhibit B, page 15, lines 20-24).  Based on that analysis, the Court denied the original Motion to Dismiss as to 6209

Market Street, LLC, the party to which the Market Street Properties are currently titled as a matter of public record.

Contrary to the assertions in both the Moving Defendant's' Motion for Summary Judgment and previous filings, Plaintiffs have not included a cause of action to set aside the Tax Sales under the Tax Lien Laws, 53 P.S. §7193.3. They do not need to do so in order to recover title to the Market Street Properties, although Plaintiffs did argue in response to the Motion to Dismiss the original Complaint filed by GRB that they may have grounds to have the Tax Sales set aside since they received absolutely no notice of the Tax Sales due to the recording of the forged deed to Defendant, Neekoo Gumby, and the failure of either GRB or the City to serve them with notice of the Tax Sales. If Plaintiffs later believe it is necessary, they will seek Court permission to further amend the Complaint to include any Count related to setting aside the Tax Sales.

When Plaintiffs filed the Amended Complaint, they reduced the number of counts from five to two. None of the allegations in Count I of the original Complaint were removed in the Amended Complaint. Instead, in eliminating Count II of the original Complaint, Plaintiffs cited in Count I to Pennsylvania's criminal statute making forgery illegal as additional support for seeking a determination of the Court that the sequence of transactions starting with the forged Neekoo Gumby deed were void and as a basis for restoring title to the Market Street Properties to the Plaintiffs. Therefore, the decision on the Motion to Dismiss Count I of the Amended Complaint should be the same as the decision on the Motion to Dismiss Count I of the original Complaint as to 6209. The Motion to Dismiss should be denied.

As the Court indicated in deciding the Motion to Dismiss Count I of the original Complaint, "If the forgery of the deed can be proven, the main issue will be to determine how to

apply and the limits of the Pennsylvania Supreme Court's decision in 1968 in *Harris v. Harris*, 428 Pa. 473." (July Bench Opinion, 15:51 to 16:06).4  Unless the Moving Defendants are setting up the case for an appeal of the Court's determination to deny 6209's original Motion to Dismiss, it was disingenuous to file another Motion to Dismiss Count I, as reformulated in the Amended Complaint.  The Moving Defendants' focus on the requirements for setting aside a tax sale is simply inapposite to the instant case, and should have no bearing on the Court's decision.

This Honorable Court has previously concluded that documents that are forged and/or not notarized or acknowledged under Pennsylvania law are void, cannot convey any interest to a bona fide purchaser for value without notice, and can be avoided by the Trustee.  *Krasny v. Deutsche Bank Nat'l Trust Co. (In re Batipps)*, 460 B.R. 841 (Bankr. E.D. Pa. 2011):

> The primary issue raised in the Motion — whether a bankruptcy trustee can avoid a mortgage that was not acknowledged before a notary — has been thoroughly analyzed in published decisions issued by several federal courts in Pennsylvania. Two competing lines of decision have emerged, which I will refer to as "the Fisher line" and "the Messinger line."
>
> In *In re Fisher*, 320 B.R. 52, 63-64 (E.D. Pa. 2005), the court held that a mortgage signed outside the presence of a notary does not comply with the UAA, is fraudulent as to subsequent purchasers under 21 P.S. §444 and therefore, is avoidable by a bankruptcy trustee under 11 U.S.C. § 544.  *Accord In re Rice*, 133 B.R. 722 (Bankr. E.D. Pa. 1991).
>
> In *In re Messinger*, 281 B.R. 568, 572-75 (Bankr.M.D.Pa.2002), the court held that Pennsylvania law requires clear and convincing evidence of fraud or forgery with respect to the underlying mortgage documents to void the perfection of a recorded mortgage containing an acknowledgment that is complete and proper on its face, and absent proof of fraud or forgery, a mortgage cannot be avoided under 11 U.S.C. §544.  *Accord In re Bell*, 309 B.R. 139, 158-60 (Bankr. E.D. Pa. 2004); *Armstrong,* 288 B.R. at 429-31; *see also In re Jones*, 284 B.R. 92 (Bankr. E.D. Pa. 2002) (dictum), *aff'd,* 308 B.R. 223 (E.D. Pa. 2003).

---

4    The limits of the *Harris v. Harris* decision referenced by the Court have to do with the parties subject to the action and have no bearing on the substantive claim or theory of relief.

> I will not belabor this Memorandum by recapitulating the details of the opinions
> cited above and in the balance of this discussion.  I will assume the reader's
> familiarity with them.  Suffice it to say that after considering the competing lines
> of authority, I conclude that Fisher and Rice more accurately describe the present
> state of Pennsylvania law.

*Id.* at 845.  Therefore, the Debtor, both under a theory sounding in quiet title, or a theory under

which the Debtor seeks to utilize the avoiding powers of the Trustee, can similarly recover title

from a grantee pursuant to a forged deed or any subsequent purchaser.5

The District Court, applying Pennsylvania law essentially concurred with this Honorable

Court's foregoing analysis in *Crawford v. Robinson*:

> Plaintiffs do not allege that Lorraine Crawford obtained title through fraud.
> Rather, they allege that their signatures were forged on the deed, making the
> transfer void *ab initio*.  *See In re Tippet*, No. 03-18370, 2014 WL 2495404, at *3
> (Bankr. E.D. Pa. Oct. 28, 2004) ("[U]nder Pennsylvania law, a forged deed cannot
> convey an interest in real property."); *Harris v. Harris*, 239 A.2d 783, 784 (Pa.
> 1968) ("[A] forged . . . instrument is not binding on any person and is wholly
> inoperative to transfer any title or right to property whether the holder is an
> innocent or guilty purchaser.").  If Plaintiffs' signatures on the deed were forged,
> then no transfer of their interests in the Property to Lorraine Crawford ever
> occurred. It follows that Lorraine Crawford could not subsequently transfer or
> encumber those interests because she never had them in the first place. Therefore,
> any mortgage she took out on the Property could encumber only the 13/84th
> interest that passed to her through her parents' deaths.

---

5    In the July Bench Opinion, the Court discussed and dismissed Count III of the original Complaint with respect
to any claim under 11 U.S.C. §549 (July Bench Opinion, 28:00 to 30:57).  The basis for the dismissal was not
that such a claim did not exist, but rather that, in effect, the Plaintiff/Debtor was seeking relief in the wrong
Chapter 13 case.  The Court found that the Debtor probably could meet the three preliminary elements
necessary to exercise the Trustee's avoiding power under §549(g) & (h), but held that the Debtor would have
to seek to reopen the Plaintiff/Debtor's 2007 Chapter 13 case, and pursue such claim in that case.  The Court
found it essentially "unthinkable" that the Court would reopen the 2007 case for the potential of bringing a
transfer avoidance action.  Plaintiffs submit that they are unaware of any provision of the Bankruptcy Code or
Bankruptcy Rule that prevents associating an adversary proceeding with more than one main bankruptcy case,
so that could present an option to avoid having to reopen the Plaintiff/Debtor's 2007 case.  Section 350(b) of
the Bankruptcy Code provides for reopening bankruptcy cases for a very broad category of purposes,
including "to administer assets, to accord relief to the debtor, or for other cause."  The statutory language
would seem to permit the 2007 case to be opened if necessary.  However, the matter is probably moot for now
in that the Plaintiffs did not include Count III in their Amended Complaint.  Unless Plaintiffs were to seek
leave of Court to further amend the Complaint, there is no issue before the Court under §549.  Should there be
any need for relief the Plaintiffs cannot obtain under the Amended Complaint, they will seek leave of Court to
further amend the Complaint.

The Pennsylvania Supreme Court case of *Thees v. Prudential Ins. Co. of Am. of Newark*, 190 A. 895, 896 (Pa. 1937) is on point.  There, a husband and wife owned a property as tenants by the entirety.  The wife was approached by her brother, who was in dire financial straits.  The brother presented the wife with a deed to transfer the property to him, and the wife signed.  The husband's signature and the signature of a notary were later forged.  The brother used the forged deed to procure a mortgage on the property.  When the husband discovered the forgery some years later, he sued to have the deed and the mortgage canceled.

The trial court cancelled both the deed and the mortgage and the Pennsylvania Supreme Court affirmed.  It recognized that the mortgagee was "innocent in the transaction" and "in an unfortunate position." *Id.*  It had "advanced money to the holder of record title of real estate, relying upon the apparent accuracy of signatures, acknowledgment, and record . . . ." *Id.* Nevertheless, the mortgagee's equitable rights did not rise higher than the husband's, who was also an "innocent victim" "in complete ignorance" of the forgery. *Id.* The Court cancelled the deed and mortgage accordingly.  *See, also e.g., Warehouse Builders & Supply Inc. v. Perryman*, 257 A.2d 349, 350 (Pa. Super. Ct. 1969) ("A] forged deed is a void deed even in the hands of an innocent purchaser"); *Flitcraft v. Commw. Title Ins. & Trust Co.*, 60 A. 557, 557 (Pa. 1905) (cancelling mortgage obtained upon forged deed because "the deed was thereby avoided, and could not thereafter be used in any way whatsoever to the prejudice of the complainant.").  Because the deed could not pass good title if forged, the Court denies the motions to dismiss on this point.

*Crawford v. Robinson*, Civil Action 14-04148 (E.D. Pa. Decided August 12, 2015).

As such, Pennsylvania, likewise, has weighed the interests between two innocent parties when a forged deed is involved, and has concluded that the party whose property was stolen via a forged instrument is the more innocent of the two.  The Moving Defendants are in no a different position if the only allegations involving them were that they were subsequent purchasers of the Market Street Properties at a Sheriff's Tax Sale.  A forged deed cannot pass title to either the grantee under the forged instrument or any subsequent holder of an interest in the property so conveyed, whether under the Bankruptcy Code or pursuant to Pennsylvania law alone.

With respect to whether or not Count I of the Amended Complaint should be dismissed as to Defendants, Dan Achek and Adnan Achek (hereinafter "the Acheks"), Plaintiffs concur with a portion of the Moving Defendants' analysis.  If the Acheks' only connection to the facts alleged

in the Complaint turns out to be that they are the principals of 6209, then they would not be

proper defendants in the case as individuals, without a showing by Plaintiffs that the factors set

forth by the Moving Defendants for piercing the corporate veil can be met.  However, in both the

original and Amended Complaint, the Plaintiffs also alleged that the Acheks formed 6209 and

acted in concert with Defendant, Neekoo Gumby, to fraudulently deprive the Plaintiffs of their

title to the Market Street Properties.6  Plaintiffs believe they should be given the opportunity to

---

6    Paragraph 39 of the Amended Complaint reads as follows:  "Upon information and belief, Defendants, Dan
     A.M. Achek and Adnan Achek, formed 6209 Market Street, LLC as part of a scheme in collaboration with
     Defendant, Neekoo Gumby, a/k/a Neeko Gumby, or the person posing as Neekoo Gumby, a/k/a Neeko
     Gumby, to fraudulently transfer Plaintiffs' Properties to a third party entity without the appearance of a direct
     connection to the fraudulent transfer of the Properties, thereby attempting to insulate the ownership of the
     Properties from recovery by Plaintiffs."

     The Plaintiffs do not address Count II of the Complaint at any length in this Memorandum, because the
     Moving Defendants did not address either of the specific counts in the Amended Complaint in light of their
     misdirected arguments addressing whether the Plaintiffs timely sought to set aside the 2015 and 2017 Sheriff's
     Tax Sales under the Tax Lien Laws, 53 P.S. §7193.3.  Therefore, it is not really at issue in the pending Motion
     to Dismiss.  However, if the Court were to further consider the viability of Count II prior to trial, the Plaintiffs
     believe it states a viable claim against both Defendant, Neekoo Gumby, and the Moving Defendants.

     Plaintiffs recognize that in the July Bench Opinion, the Court indicated that any cause of action pursuant to 11
     U.S.C. §362(a)(3) would be plausible against Defendant, Neekoo Gumby, but would be far-fetched against
     the Moving Defendants.  The Court did not find any inference necessary to implicate the Moving Defendants
     as reasonable primarily because the Court assumed that in hatching the plot to steal/fraudulently transfer the
     Market Street Properties (if Gumby and the Moving Defendants were working together), the Defendants
     would have had to have planned the six to eight year scenario to play out the way it actually did, with the
     Market Street Properties being sold in the Tax Sales in 2015 and 2017 (July Bench Opinion, 33:00 to 36:35).
     However, there is no reason to assume that any of the Defendants acting in concert necessarily had planned
     for the transfer of the properties to take place in exactly that way and/or on that timetable in order to have set
     out together to acquire the Market Street Properties fraudulently without the Plaintiffs' knowledge.

     Developments in the case may show that in fact the Moving Defendants had nothing to do with original
     scheme by Neekoo Gumby, but it cannot be eliminated as a possibility at this early stage of the case.  The
     Plaintiffs should be allowed to conduct discovery to determine whether or not Defendant, Neekoo Gumby,
     acted in concert with the Moving Defendants and/or others to deprive the Plaintiffs of their rightful title to the
     Market Street Properties.  The Plaintiffs will voluntarily dismiss Count II as to the Moving Defendants if their
     discovery does not turn up any evidence of the Moving Defendants' involvement, but it would not be fair to
     them for the Court to *sua sponte* dismiss Count II as to all Defendants other than Defendant, Neekoo Gumby,
     under the assumption that Gumby put himself at risk of criminal prosecution by setting out to steal the
     Plaintiffs' Market Street Properties through a forged deed, and then just cavalierly abandoned the effort by
     walking away from any further involvement.  That is an equally illogical conclusion based upon the facts
     known to date.  The Plaintiffs should have the opportunity to explore the real factors at play in the effort to
     fraudulently transfer their title to the Market Street Properties, and to learn to the extent possible the players
     involved in the scheme.

explore whether they can develop evidence in discovery to back up and sustain the allegations in paragraph 39 of the Amended Complaint, especially now that they have successfully served the remaining three Defendants in the case, one of whom is Defendant, Neekoo Gumby.

### C.  **The Bankruptcy Court [Law of the Case].**

Not one case cited by Defendant 6209 holds that a Sheriff's deed to a subsequent tax sale purchaser of a property that had been fraudulently transferred by a forged deed prior to the tax sale acted to supersede the Pennsylvania Supreme Court's holding in *Harris v. Harris* that a forged deed is void and transfers no interest in the property.  In fact, to the contrary, all decisions on this issue, whether cited by Defendant 6209 or not hold that there is no interest of the holder of a forged deed to a property, whether by tax sale or any other conveyance.  Defendant 6209 has made the same argument that somehow this case is different because of its purchase of the Market Street Properties at tax sale, but the Court has rejected the same argument twice before. Those decisions are the law of the case.  Defendant 6209 cannot prevail on the central issue in the case, i.e., whether it holds legal title to the Market Street Properties, unless the Pennsylvania Supreme Court were to reverse *Harris v. Harris*.

### V.  **CONCLUSION**

For the reasons set forth above, the Bankruptcy Court decision should be reversed.

REGIONAL BANKRUPTCY CENTER OF
SOUTHEASTERN PA, P.C., by:

Roger V. Ashodian
Attorney ID #42586
101 West Chester Pike, Suite 1A
Havertown, PA  19083
(610) 446-6800
Attorney for Appellants