## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BRYANT LEE and JUANITA GASTON,** **a/k/a JUANITA GASTON LEE,** | |
| **Plaintiffs/Appellants,** | |
| **v.** | **Case No. 22-CV-01233-MSG** |
| **6209 MARKET STREET, LLC,** *et al.,* | |
| **Defendants/Appellees.** | |

## RESPONSE BRIEF FOR APPELLEES JEWELL WILLIAMS, SHERIFF AND THE CITY OF PHILADELPHIA

Appeal from Order granting Appellant 6209 Market Street, LLC's Motion for Summary Judgment issued by the United States Bankruptcy Court for the Eastern District of Pennsylvania, the Honorable Eric L. Frank, at Adv. Pro. No. 20-00110 (ELF)

CITY OF PHILADELPHIA LAW DEPARTMENT
DIANA P. CORTES, CITY SOLICITOR
By: Megan N. Harper, Esq. (Pa. ID. No. 81669)
Senior Attorney
Tax & Revenue Unit
1401 J.F.K. Blvd., 5th Floor
Philadelphia, PA 19102
(215) 686-0503
megan.harper@phila.gov
Attorney for Appellees Jewell Williams, Sheriff and the
City of Philadelphia

Date: January 6, 2023

## TABLE OF CONTENTS

STATEMENT OF SUBJECT MATTER AND APPELLATE
JURISDICTION ....................................................................................... 2

STATEMENT OF THE STANDARD OF REVIEW ........................................... 3

I. COUNTERSTATEMENT OF THE CASE ...................................................... 4

   A. Summary of the case ............................................................................. 4

   B. Procedural History ................................................................................ 5

II.    SUMMARY OF THE ARGUMENT ............................................................. 8

III.   CITY DEFENDANTS' RESPONSE ON APPEAL .................................... 9

   A. Appellants have abandoned their appeal from the Order Granting the
      Motion to Dismiss. ............................................................................... 9

   B. Appellants failed to preserve any issue for appeal from the order
      granting City Defendants' Motion to Dismiss. ................................. 12

   C. City Defendants are not proper parties to the appeal. ................... 13

IV.    CONCLUSION ......................................................................................... 16

# TABLE OF AUTHORITIES

**Cases**                                                                    Page(s)

*Bag of Holdings, LLC v. City of Philadelphia,*
   682 F. App'x 94 (3d Cir. 2017)……………………………………………..15, 16

*Harris v. Harris,*
   428 Pa. 473 (1968)…………………………………………………………….4

*In re Global Indus. Techs., Inc.,*
   645 F.3d 201 (3d. Cir. 2001)…………………………………...…...……3

*In re St. Mary Hosp.,*
   120 B.R. 25 (E.D. Pa. 1990)…………………………………...…….…...3

*In re Trans World Airlines, Inc.,*
   145 F.3d 124 (3d Cir. 1998)………………………………………………10

*Mid-Am. Salt, LLC v. Morris Cnty. Coop. Pricing Council,*
   964 F.3d 218 (3d Cir. 2020)………………………………………………14

*Pension Tr. Fund for Operating Engineers v. Mortg. Asset Securitization Transactions, Inc.,*
   730 F.3d 263 (3d Cir. 2013)………………………………………………14

*Simko v. United States Steel Corp,*
   992 F.3d 198 (3d Cir. 2021)………………………………………………13

*Singleton v. Wulff,*
   428 U.S. 106, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976)…………………...…12

*Taggart v. Morgan Stanley ABS Capital I Inc.,*
   No. CV 16-62, 2016 WL 4076818 (E.D. Pa. Aug. 1, 2016)…………………5

*Tri-M Grp., LLC v. Sharp,*
   638 F.3d 406 (3d Cir. 2011)………………………………………………12

*United States v. Albertson,*
   645 F.3d 191 (3d Cir. 2011)………………………………………………11

*United States v. Savage*,
  970 F.3d 217 (3d Cir. 2020)......................................................11

## **Statutes**

11 U.S.C. § 362(a)(3)........................................................5, 6

28 U.S.C. § 157...............................................................2

28 U.S.C. § 158(a).............................................................2

28 U.S.C. § 1334..............................................................3

42 Pa. C.S.A. §§ 8541–64.....................................................6

## **Rules**

Fed. R. Bankr. P. 8003(a)................................................12, 14, 16

Fed. R. Bankr. P. 8009....................................................8, 14

Fed. R. Bankr. P. 8014(a)..................................................9-10

## STATEMENT OF SUBJECT MATTER AND
## APPELLATE JURISDICTION

This is an appeal from the Bankruptcy Court for the Eastern District of Pennsylvania's ("Bankruptcy Court") March 15, 2022 order in Adversary Proceeding No. 20-00110 (ELF) granting appellee 6209 Market Street, LLC's ("6209 Market") Motion for Summary Judgment ("Order on Summary Judgment"). Appellants Bryant Lee and Juanita Gaston a/k/a Juanita Gaston Lee ("Appellants") filed a timely appeal on March 29, 2022. The Bankruptcy Court had subject-matter jurisdiction over the Adversary Proceeding under 28 U.S.C. §§ 157 and 1334. This Court has appellate jurisdiction to review the Order on Summary Judgment pursuant to 28 U.S.C. § 158(a).

## STATEMENT OF THE STANDARD OF REVIEW

This Court reviews a bankruptcy court's legal conclusions *de novo* and its factual findings for clear error. *In re Global Indus. Techs., Inc.*, 645 F.3d 201, 209 (3d. Cir. 2001) (*en banc*). This Court may affirm the decision of the Bankruptcy Court on any basis supported by the record. *In re St. Mary Hosp.*, 120 B.R. 25, 28 (E.D. Pa. 1990) (citing *Tunstall v. Office of Judicial Support*, 820 F.2d 631, 633 (3d Cir. 1987)).

## I.    COUNTERSTATEMENT OF THE CASE

### A.    Summary of the Case

This case concerns Appellants' attempt to recover title to the properties located at 6205 and 6207 Market, Philadelphia, PA ("Properties"). Appellants claim the Properties were fraudulently transferred to Neeko Gumby a/k/a Neekoo Gumby by forged deed in 2009 and were subsequently sold years later to 6209 Market at Sheriff's Sales in 2015 and 2017.

Appellants argue that the forged deed to Gumby transferred no interest in the Properties and any subsequent transfer of his interest in the Properties via Sheriff's Sale is void. Dist. Ct. ECF No. 5-2 (Amended Complaint dated August 17, 2020, hereinafter "Amended Complaint" at 11). On appeal, Appellants claim, *inter alia*, that the Bankruptcy Court failed to properly apply controlling law as set forth in the Pennsylvania Supreme Court case *Harris v. Harris*, 428 Pa. 473 (1968) when granting summary judgment in favor of defendant 6209 Market. Appellants also claim the Bankruptcy Court erred when it dismissed their claims against Jewell Williams, Sheriff[1] and the City of Philadelphia ("City Defendants") with prejudice. Dist. Ct. ECF No. 5-1 (Appellants' Designation of Items to be Included in the Record on Appeal and Amended Statement of Issues on Appeal dated September 14, 2022,

---

[1] Since the events set forth in the Amended Complaint, a new Sheriff, Rochelle Bilal, took office.

hereinafter "Amended Statement of Issues on Appeal" or "Amnd. Stmt. of Iss. on App." at 9).

## B.    Procedural History

Appellants filed the Amended Complaint on August 17, 2020. Dist. Ct. ECF No. 5-4 (Memorandum Opinion dated March 15, 2022, hereinafter "Bankr. Ct. Op." at 4). Count I of the Amended Complaint was an action for quiet title. Appellants alleged that any transfer of title to the Properties following the conveyance to Gumby by forged deed in 2009 is void. Bankr. Ct. Op. at p. 5. Count II alleged the transfer of the Properties to Gumby while Bryant Lee's prior bankruptcy case was pending violated the automatic stay pursuant to 11 U.S.C. § 362(a)(3). *Id.*

On September 15, 2020, City Defendants filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Dist. Ct. ECF 5-2 (Motion to Dismiss dated September 15, 2020, hereinafter "Motion to Dismiss" or "Mot. to Dsm."). As to Count I, City Defendants argued they held no right, title or interest in the Properties and, thus, could not be the target of an action for quiet title.[2] Mot. to Dsm.

---

[2] Under Pennsylvania law, an action to quiet title is a civil action to remove clouds to title to property and to resolve disputes over interests in property. *Taggart v. Morgan Stanley ABS Capital I Inc.*, No. CV 16-62, 2016 WL 4076818, at *5 (E.D. Pa. Aug. 1, 2016) (citing *White v. Young*, 186 A.2d 919, 921 (Pa. 1963)). "To prevail in an action to quiet title, the plaintiff must make a *prima facie* showing that he holds title to the property and that such title is better title than that of the adverse party." *In re Bennett*, 531 B.R. 68, 75 (Bankr. E.D. Pa. 2015) (citations omitted).

at pp. 6-7. As to Count II, the City Defendants argued that the Department of Record's acceptance of the deed to Gumby for recordation does not amount to an act by City Defendants to obtain possession or control of property and was not a violation of the automatic stay.[3] *Id.* at pp. 7-8. Addressing a possibly unarticulated claim for negligence in recording the deed to Gumby or in serving notice of the Sheriff's Sales, City Defendants argued immunity for such acts pursuant to Pennsylvania's Political Subdivision Tort Claims Act (the "Tort Claims Act"), 42 Pa. C.S.A. §§ 8541–64.[4] *Id.* at pp. 5-6. City Defendants' Motion to Dismiss did not address *Harris v. Harris* or its progeny.

Co-defendants 6209 Market, Adnan Achek, Dan A.M. Achek and Goehring Rutter & Boehm ("GRB") also filed Motions to Dismiss.[5] Bankr. Ct. Op. at p. 5. Appellants failed to respond to any of the motions. *Id.* On October 15, 2020, the City

---

[3] Section 362(a)(3) of the Bankruptcy Code stays "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 326(a)(3).

[4] The Tort Claims Act protects local agencies with immunity from tort claims for damages to persons or property to the extent that an agency's conduct does not fit within specific statutory exceptions to immunity which are inapplicable here. *See* 42 Pa. C.S.A. § 8542.

[5] City Defendants filed a Partial Joinder to GRB's Motion to Dismiss and joined in GRB's factual allegations and legal argument regarding the untimeliness of Appellants' attempt to set aside the Sheriff's Sales as well as their inability to do so. Dist. Ct. ECF 5-2 (Partial Joinder to GRB's Motion to Dismiss at p. 2).

Defendants filed a certificate of no objection. Dist. Ct. ECF 7-2 (Certificate of no Objection dated October 15, 2020). On October 16, 2020, the Bankruptcy Court granted the City Defendants' and GRB's Motions to Dismiss with prejudice and, also, dismissed the Acheks as individuals from the case with prejudice. Dist. Ct. ECF 5-2 (Order dated October 16, 2020, hereinafter "Order Granting the Motion to Dismiss" at pp. 2-3). The Court dismissed Count II of the Amended Complaint with prejudice with respect to 6209 Market but denied 6209 Market dismissal as to Count I. *Id*. The Bankruptcy Court noted that although Appellants failed to respond to the motions, the Bankruptcy Court independently evaluated the legal sufficiency of the claims in the Amended Complaint asserted against the moving parties. *Id*. at p. 2 fn. 1.

Following discovery, 6209 Market filed a Motion for Summary Judgment which was granted on March 15, 2022. Dist. Ct. ECF 5-4 (Order dated March 15, 2022, hereinafter "Order on Summary Judgment"). Fourteen days later, on March 29, 2022, Appellants filed a Notice of Appeal specifically appealing and attaching the Order on Summary Judgment and Memorandum of the Bankruptcy Court, entered on March 15, 2022. Dist. Ct. ECF 5-4 (Notice of Appeal dated March 15, 2022, hereinafter "Not. of App."). Appellants identified 6209 Market as the only party to the order appealed from. Not. of App. at pp. 1-2. However, nearly six months later, on September 14, 2022, and under threat of dismissal for failure to comply

with Federal Rule of Bankruptcy Procedure 8009, Appellants filed the Amended Statement of Issues on Appeal. Appellants claim that whether the Bankruptcy Court erred when it dismissed the Appellants' claims against the City Defendants with prejudice is an issue on appeal. Amnd. Stmt. of Iss. on App. at 9.

## II.    SUMMARY OF THE ARGUMENT

To the extent the Appellants intended to appeal the Order Granting the Motion to Dismiss, they have abandoned their effort. City Defendants submit that although the issue was raised in Appellants' Amended Statement of Issues on Appeal, without any supporting legal or factual argument in Appellants' opening brief,[6] the issue has been waived on appeal and City Defendants should be dismissed.

City Defendants cannot discern any factual or legal argument in the Opening Brief in favor of reversing the Bankruptcy Court's order on the unopposed Motion to Dismiss. Even if an argument is put forth, Appellants failed to preserve the issue before the Bankruptcy Court. That failure alone bars them from raising any issue related to the Motion to Dismiss on appeal. Accordingly, City Defendants urge the Court to follow the general rule that an appellate court does not consider an issue not raised below and to affirm the Bankruptcy Court's Order Granting the Motion to Dismiss.

_____

[6] *See* Dist. Ct. ECF No. 11 (Appellants' Opening Brief, hereinafter "Opening Brief").

8

Appellants' conduct in pursuit of this appeal has been highly prejudicial to City Defendants. It was first evident that Appellants intended to appeal the order on the unopposed Motion to Dismiss when the Amended Statement of Issues on Appeal was filed, almost six months after the appeal deadline. Then Appellants abandoned the appeal upon filing their Opening Brief. Appellants' conduct in pursuing this appeal, in addition to failure to strictly comply with the relevant rules of appellate procedure, weighs in favor of dismissing the appeal as to City Defendants as they are not proper parties to the appeal.

## III.  CITY DEFENDANTS' RESPONSE ON APPEAL

### A. Appellants have abandoned their appeal from the Order Granting the Motion to Dismiss.

The issue Appellants raised in their Amended Statement of Issues on Appeal with respect to whether the Bankruptcy Court erred in granting the City Defendants Motion to Dismiss is not address in the Opening Brief and is therefore waived on appeal pursuant to Federal Rule of Bankruptcy Procedure 8014. Rule 8014 requires among other things that Appellants' Opening Brief include a statement of issues presented. Merely identifying the issue as Appellants have done, however, is insufficient to meet the requirements of 8014.

Pursuant to Rule 8014(a), an appellant's brief must contain, *inter alia*:

. . .

(5) a statement of the issues presented and, for each one, a
concise statement of the applicable standard of appellate
review;

(6) a concise statement of the case setting out the facts
relevant to the issues submitted for review, describing the
relevant procedural history, and identifying the rulings
presented for review, with appropriate references to the
record;

(7) a summary of the argument, which must contain a
succinct, clear, and accurate statement of the arguments
made in the body of the brief, and which must not merely
repeat the argument headings; [and]

(8) the argument, which must contain appellant's
contentions and the reasons for them, with citations to the
authorities and parts of the record on which the appellant
relies[.]

. . .

Fed. R.Bankr.P. 8014(a).

The rule "is not only a technical or aesthetic provision, but also has a
substantive function—that of providing the other parties and the [C]ourt with some
indication of which flaws in the appealed order or decision motivate the appeal." *In
re Trans World Airlines, Inc.*, 145 F.3d 124, 132 (3d Cir. 1998). "Thus, a district
court may, in its discretion, deem an argument waived if it is not presented in
accordance with Rule 801[4]." *Id.* Appellants have failed to provide a statement of
the applicable standard of appellate review with respect to whether the Bankruptcy
Court erred in granting City Defendants' Motion to Dismiss. They have presented
no legal or factual argument in support of the allegation of error. Appellants have
not and cannot point to argument or record evidence before the Bankruptcy Court in

accordance with Rule 8014(a)(8) because the Motion to Dismiss was unopposed below.

Although baldly identified as an issue, whether the Bankruptcy Court erred in granting the Motion to Dismiss is not otherwise addressed at all in Appellants' Opening Brief and is therefore waived on appeal.[7] "It is well settled that an appellant's failure to identify *or* argue an issue in his opening brief constitutes waiver of that issue on appeal." *United States v. Albertson*, 645 F.3d 191, 195 (3d Cir. 2011) (emphasis added) (quoting *United States v. Pelullo*, 399 F.3d 197, 222 (3d Cir. 2005)). Passing reference to an issue, as Appellants have done here, is insufficient to raise the issue for review. *United States v. Savage*, 970 F.3d 217, 280 at fn. 70 (3d Cir. 2020).

The rule does yield in "extraordinary circumstances" such as a compelling excuse for failure to raise the issue in the opening brief, lack of prejudice to the opposing party and concern that failure to address the argument would lead to a miscarriage of justice. *United States v. Albertson*, 645 F.3d at 195. There are no extraordinary circumstances here that warrant waiving the provisions of Rule 8014. The first factor weighs in favor of dismissing the appeal. There was no excuse for failing to oppose the Motion to Dismiss below which may explain why there is no

---

[7] Appellants' Opening Brief, entirely in substance and 99.9% exclusively in form, appeals from the Order on Summary Judgment. Dist. Ct. ECF No. 11, at Sections II, III and IV.

genuine effort to address the issue in the Opening Brief. Second, City Defendants have already been prejudiced by having to respond to the Opening Brief. Finally, there is nothing to suggest the Bankruptcy Court committed a plain error of law in ruling in favor of City Defendants. The appeal with respect to City Defendants should, therefore, be dismissed.

### B. Appellants failed to preserve any issue for appeal from the order granting City Defendants' Motion to Dismiss below.

Even if the Court finds Appellants have raised the issue on appeal or should be permitted to do so due to extraordinary circumstances, Appellants failed to preserve any argument for appeal of City Defendants' Motion to Dismiss below. "It is the general rule, of course, that a federal appellate court does not pass upon an issue not passed upon below." *Singleton v. Wulff,* 428 U.S. 106, 121, 96 S.Ct. 2868, 2877, 49 L.Ed.2d 826 (1976).

Preservation of issues for appeal serves important judicial interests such as protecting the parties from unfair surprise, preventing lower courts from being reversed on grounds that were not argued before them, and promoting finality and conservation of judicial resources. *Tri-M Grp., LLC v. Sharp*, 638 F.3d 406, 416 (3d Cir. 2011) (internal quotations omitted). Appellants had ample opportunity in the Bankruptcy Court to advance arguments in response to City Defendants' Motion to Dismiss and chose not to. There are no exceptional circumstances justifying departure from the rule requiring preservation. *Simko v. United States Steel Corp,*

992 F.3d 198, 205–06 (3d Cir. 2021), *cert. denied sub nom. Simko v. United States Steel Corp.*, 211 L. Ed. 2d 476, 142 S. Ct. 760 (2022). Appellants failed to respond to the Motion to Dismiss and should not be given an opportunity for a second bite at the apple on appeal. Moreover, to the extent the Court finds Appellants did preserve an issue with respect the Bankruptcy Court's dismissal of City Defendants, which City Defendants deny, the Court should decline to address it for lack of jurisdiction as set forth below.

### C. City Defendants are not proper parties to the appeal.

Under Federal Rule of Bankruptcy Procedure 8003(a)(3)(B), a notice of appeal should be "accompanied by the judgment, order, or decree, or the part of it, being appealed" and "conform substantially to the appropriate Official Form." Fed. R. Bankr. P. 8003(a)(3)(A) and (B). Bankruptcy Official Form 417A requires the parties to the appeal be specifically identified. Here, the Notice of Appeal states that Appellants specifically appeal from the Order on Summary Judgment. The Order and Memorandum are the only documents attached to the Notice and 6209 Market is identified as the only party to the appeal. *See* Not. of App.

Nothing occurred between the filing on Notice of Appeal on March 29, 2022, and the filing of the Amended Statement of Issues on Appeal on September 14, 2022, to suggest an intent to appeal the Order Granting the Motion to Dismiss. The Amended Statement of Issues on Appeal was filed late and under threat of dismissal

for failure to comply with Federal Rule of Bankruptcy Procedure 8009. The deadline for filing a timely appeal had longed passed before then. *See e.g.*, *Mid-Am. Salt, LLC v. Morris Cnty. Coop. Pricing Council*, 964 F.3d 218, 225–26 (3d Cir. 2020) (dismissing appellant where notice of appeal did not specify the lower court's order as to it and appellant was not named as a party to the appeal from the orders that were specified in the notice).

Although the requirements of Rule 8003 are liberally construed such that a designated final judgment[8] draws in to question all prior non-final orders, that is not so where, as here, 1) there is no connection between the Order on Summary Judgment and the Order Granting the Motion to Dismiss, 2) the intent to appeal the Order on the Motion to Dismiss was not apparent until nearly six months after the appeal deadline, and 3) City Defendants have been prejudiced by being forced to respond to the bald allegation of error in Appellants' Opening Brief. *See Pension Tr. Fund for Operating Engineers v. Mortg. Asset Securitization Transactions, Inc.*, 730 F.3d 263, 269 (3d Cir. 2013) ("[T]he designated final judgment draws in question all prior non-final orders and rulings which produced the judgment where (1) there is a connection between the specified and unspecified orders; (2) the intention to

---

[8] City Defendants query whether the Order on Summary Judgment is a final judgment or order resolving all issues in dispute and disposing of the entire matter as the Order schedules a pretrial conference.

appeal the unspecified order is apparent; and (3) the opposing party is not prejudiced . . . ." quotation omitted)).

For example, in *Bag of Holdings, LLC v. City of Philadelphia*, 682 F. App'x 94 (nonprecedential) (3d Cir. 2017), the appellant filed a notice of appeal from an order granting summary judgment in favor of defendant Councilman Johnson on qualified immunity grounds. In the opening brief on appeal, the appellant also alleged the lower court erred in denying its motion for leave to file a second amended complaint to add a state law claim against defendant the City of Philadelphia. In concluding the notice of appeal did not provide appellate jurisdiction over whether the lower court erred in denying the motion for leave, the Third Circuit noted denial of leave to amend to add a claim against the City of Philadelphia did not produce and was not connected to the summary judgment applying qualified immunity to Councilman Johnson. The City was no longer a party to the case at the time summary judgment was granted. *Bag of Holdings, LLC*, 682 F. App'x at 99.

Here, the Order on Summary Judgment as to 6209 Market was granted on grounds completely unrelated to City Defendants' unopposed Motion to Dismiss. City Defendants argued that the Amended Complaint failed to state a cause of action against them for either quiet title or a violation of the automatic stay and did not address *Harris v. Harris*. *See* Mot. to Dsm. at pp. 6-8. In granting summary judgment to 6209 Market, the Bankruptcy Court found that, contrary to Appellants'

15

contention, *Harris* was inapplicable and that 6209 Market held absolute title to the Properties.[9] *See* Bank. Ct. Op. at p. 16.

In addition, as in *Bag of Holdings*, City Defendants had been dismissed with prejudice nearly a year and a half prior to entry of the Order on Summary Judgment. Dismissal of City Defendants did not result in the Bankruptcy Court's decision to grant 6209 Market summary judgment and the two orders are not connected such that the intent to appeal the one can be inferred from an appeal of the other. *Elfman Motors, Inc.,* 567 F.2d at 1254 (when an appeal is taken from a specified judgment only, court of appeals acquires no jurisdiction to review other judgments not so specified). Accordingly, City Defendants urge the Court to exercise its discretion pursuant to Rule 8003(a)(2) and find City Defendants are not proper parties to the appeal as the Court lacks jurisdiction to review the Order Granting the Motion to Dismiss.

## V.    CONCLUSION

WHEREFORE, for the foregoing reasons, Appellants Jewell Williams, Sheriff and the City of Philadelphia respectfully request that, with respect to this

---

[9] Notably, appellants concede it was their choice at the outset of litigation to pursue a quiet title action based solely upon their theory that, pursuant to *Harris v. Harris*, a forged deed does not convey title to a subsequent purchaser. "Plaintiffs have not included a cause of action to set aside the Tax Sales . . . They do not need to do so in order to recover title to the [Properties]. . . ." *See* Opening Brief, p. 17.

16

appeal, this Court (1) dismiss Jewell Williams, Sheriff and the City of Philadelphia from the appeal or, alternatively, (2) affirm the Bankruptcy Court's order dated October 16, 2020, dismissing Jewell Williams, Sheriff and the City of Philadelphia from the Adversary Proceeding with prejudice.

CITY OF PHILADELPHIA LAW DEPARTMENT
DIANA P. CORTES, CITY SOLICITOR

By:    *Megan N. Harper, Esq.*
       Senior Attorney
       ID. No. 81669
       Tax & Revenue Unit
       1401 J.F.K. Blvd., 5th Floor
       Philadelphia, PA 19102
       (215) 686-0503
       megan.harper@phila.gov
       *Attorney for Appellees Jewell Williams, Sheriff and the City of Philadelphia*

Date: January 6, 2023